**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5122**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHAEL ANTHONY DRAVEN,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News. Rebecca Beach Smith,
District Judge. (4:08-cr-00016-RBS-TEM-1)

———————

Submitted: February 23, 2011      Decided: March 18, 2011

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Ellenson, LAW OFFICE OF JAMES ELLENSON, Newport News,
Virginia, for Appellant. Neil H. MacBride, United States
Attorney, Lisa R. McKeel, Brian J. Samuels, Assistant United
States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Anthony Draven was convicted of one count of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958(a) (2006), carjacking and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2119, 2 (2006) and one count of murder with a firearm in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(j), 2 (2006). On appeal, Draven asserts that the evidence was insufficient to support the convictions. Concluding that substantial evidence supports the convictions, we affirm.

Draven was involved in an affair with Catherina Voss while she was married to Cory Voss, the victim. Catherina wanted Cory dead in order to be free of the marriage and for financial gain. Draven also expressed a desire to have Cory murdered and went about discussing possible methods and locating and paying a hitman. On the night of the murder, Draven was in telephone contact with the hitman and drove to an area close to where the murder occurred. After the murder, he shared in Catherina's financial reward received by virtue of a death benefit. Subsequently, he discussed possible alibis with the hitman and lied to law enforcement about his relationship to Catherina and the hitman and his whereabouts the night of the murder.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

The Government's theory of the case was that Draven was an active participant in the conspiracy and aided and abetted in the carjacking, robbery and murder. "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement . . . [C]onspiracy is usually proven by circumstantial evidence." United States v. Yearwood, 518 F.3d 220, 225 (4th Cir. 2008) (internal quotation marks and citation omitted). We conclude there was more than substantial evidence to show that Draven participated as a co-conspirator in a murder-for-hire scheme to have Cory Voss murdered.

We also conclude that Draven was guilty as an aider and abetter in the murder of Cory Voss. A defendant is guilty of aiding and abetting if he has "knowingly associated himself with and participated in the criminal venture." United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009) (internal quotation marks omitted). "The Pinkerton[*] doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir.), cert. denied, 131 S. Ct. 3245 (2010). The evidence clearly showed that the substantive

[*] Pinkerton v. United States, 328 U.S. 640, 647 (1946).

4

offenses committed as a result of the conspiracy were reasonably foreseeable to Draven.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED